UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTOPHER T.[1],

Plaintiff,

v.

COMMISSIONER,
Social Security Administration,

Defendant.

Case No. 6:21-cv-00394-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

      Plaintiff Christopher T. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 9.

      The Commission concedes error and has filed a Motion to Remand (ECF No. 14); however, the parties disagree whether the matter should be remanded for further proceedings or

---

[1] In the interest of privacy, the Court uses only plaintiff's first name and the initial of the last name.

for an immediate award of benefits.  For the reasons that follow, the Commissioner's Motion to Remand (ECF No. 14) is granted, and the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

**I.      Relevant Law Regarding Remand**

When a court determines the Commissioner committed harmful legal error in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)).  In determining whether to remand for further proceedings or an immediate award of benefits, the court conducts a "three-part credit-as-true" analysis.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Under this analysis the court considers whether:  (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Brown-Hunter v. Colvin*, 806 F.3d, 847, 495 (9th Cir. 2015); *Garrison,* 759 F.3d at 1020.

**II.     Analysis**

Plaintiff alleges the ALJ erred by: (1) failing to evaluate the persuasiveness of the medical opinions of record as required by 20 C.F.R. § 404.1520c(b); (2) failing to properly discredit plaintiff's subjective symptom testimony; and (3) failing to properly reject lay witness testimony from plaintiff's wife regarding his limitations.  The Commissioner concedes that the ALJ failed to evaluate the persuasiveness of the medical opinions of record as required by the regulations and moves to remand this matter for the ALJ to:

> (1) reevaluate the medical opinions of record, discussing the persuasiveness of each opinion; and (2) as needed reevaluate the claimant's subjective testimony;

>reevaluate the claimant's residual functional capacity; continue with the sequential evaluation; offer the claimant an opportunity for a new hearing; obtain vocational expert testimony; and issue a new decision.

Def. Br. 2, ECF No. 14. Although the Commissioner does not expressly concede plaintiff's other allegations of error, the proposed remand instructions suggest the Commissioner does not challenge those allegations either. Accordingly, and as the Commissioner concedes, the first prong of the credit-as-true test is met.

As to the second prong, the Commissioner argues that the record contains significant factual conflicts and ambiguities. Specifically, the Commissioner notes conflict amongst the three mental health doctors who opined about plaintiff's ability to sustain full-time work. Indeed, one of the key issues is whether plaintiff's reported PTSD symptoms of hair-trigger angry outbursts prevent him from being able to sustain fulltime work, and none of the three doctors agreed.

Pamela Roman, Ph.D., conducted a consultative mental exam with plaintiff in February 2020. Tr. 328-33[2]. The exam consisted of a review of a mental health medical record from April 2019, a clinical interview (including plaintiff's education, family, work, military, and health histories), behavioral and mental status observations, and a series of tests. At the conclusion of the exam, Dr. Roman opined that given plaintiff's test scores and presentation at the exam, "he would not be expected to maintain attention and concentration throughout a normal work week without decompensating and being distracting to others." Tr. 332. Dr. Roman also opined that plaintiff is "at risk of being violent in the work setting." *Id*. In contrast, State agency doctor, Winifred Ju, Ph.D., reviewed plaintiff's medical records and Dr. Roman's clinical exam records and opined that plaintiff was limited to simple repetitive tasks that can be

---

[2] Citations to Tr. refer to the Transcript of Social Security Administrative Record as numbered in ECF No. 7-1.

completed without the need to coordinate with coworkers, and that plaintiff was only moderately limited in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. 66-67. Dr. Ju opined that Dr. Roman's opinion to the contrary was not persuasive because plaintiff's thought processes were logical, coherent and he showed no evidence of psychotic ideation, and he denied obsessive thoughts and compulsive behaviors at the clinical exam. Tr. 65. Another state agency doctor, Megan Nicoloff, PsyD, reviewed plaintiff's records, including Dr. Roman's exam, and opined that Dr. Roman's opinion that plaintiff would not be expected to complete a normal work week was not supported by the objective evidence at her exam. Tr. 78. Moreover, Dr. Nicoloff opined that plaintiff's lack of mental health treatment or medications, and his ability to do things like drive across country and work as a summer camp host in 2019, undermined his claims. *Id*. Dr. Nicoloff concluded that due to the lack of mental health treatment evidence and "the incongruity of" Dr. Roman's opinion compared to plaintiff's objective clinical exam performance, there was insufficient evidence with which to rate plaintiff's psychological function before his date last expired. Tr. 78, 80.

Regarding plaintiff's subjective symptom testimony, the Commissioner argues that the record shows plaintiff's symptoms are not as limiting as alleged. Plaintiff testified that his PTSD symptoms were worsening and that he could be "laughing and giggling and having a good time and then immediately have a complete role reversal and go looking for a fight." Tr. 44. Plaintiff added that he does not "do well" with people he is not familiar with and that this causes him anxiety and negatively impacts his concentration. *Id*. As to physical impairments, plaintiff testified that he has a "bad back, knees and ankles." Tr. 44. He stated that he had to switch from sitting to standing throughout the day as he could not do either for very long. Tr. 45. He also

testified that he could walk no more than a quarter of a mile before experiencing pain. *Id.* Plaintiff testified that he and his wife attempted dancing lessons but only made it through two lessons. Tr. 46. Nonetheless, the Commissioner notes, plaintiff was able to perform substantial gainful activity in 2019 as a seasonal camp host where he cleaned the grounds and interacted with guests (tr. 38), reported he was able to golf with minimal shortness of breath (tr. 564), and has had successful symptom relief with chiropractic care (tr. 340-466); additionally, a consultative medical exam revealed only minimal problems with mobility other than reduced range of motion due to back pain and obesity (tr. 335-40), and despite claims of debilitating PTSD symptoms, plaintiff has not sought mental health treatment in recent years[3]. Because the Commissioner has identified areas where further development of the record would serve a useful purpose, the second step in the credit-as-true analysis is not satisfied. *See Treichler*, 775 F.3d at 1105 ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."). It is unnecessary to reach the issue of whether to credit any medical opinion as true. *See Brown-Hunter*, 806 F.3d at 496.

Plaintiff contends that if Dr. Roman's opinion was credited as true, he would be entitled to benefits. Likewise, plaintiff argues, based on VE testimony that a person who must lie down for an hour every afternoon or who is routinely off task 15-20 percent of the time is not competitively employable, if plaintiff's subjective symptom testimony was credited as true, he would be entitled to benefits. (Tr. 53-55). However, only when all three prongs are of the credit-as-true analysis are met may the court exercise its discretion to award benefits. *Treichler*,

---

[3] All parties, the ALJ, and at least one agency doctor, agree that the records provided by the VA hospital offer little insight into plaintiff's PTSD symptoms, diagnosis, and past treatment. The court also notes that Drs. Ju and Nicoloff erroneously indicated there was no record that plaintiff ever suffered a traumatic brain injury (TBI), despite VA and other records indicating otherwise. Tr. 62, 78, 287, 329, 543. To the extent these records may be useful, the ALJ is encouraged to request additional medical records related to plaintiff's brain injury and PTSD diagnosis and treatment. To the extent this impacts the persuasiveness of either doctor's opinion, the ALJ is encouraged to address the error.

775 F.3d at 1101-02. This is to ensure that before a court remands for benefits, it has determined "not the slightest uncertainty as to the outcome of the proceeding" remains. *Id.* at 1100-01; *see also Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (reversing district court's remand for immediate award of benefits and holding that "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be"). As discussed above, the second prong has not been satisfied. And, regardless, even if all three prongs of the credit-as-true analysis are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. Here, such doubts exist for the reasons related to the second prong discussed above.

On remand, the ALJ must (1) articulate the persuasiveness of each medical opinion in the record; (2) accept plaintiff's testimony or provide legally sufficient reasons for rejecting it; (3) accept the lay witness statement from plaintiff's wife or supply legally sufficient reasons for rejecting it; and (4) conduct any additional proceedings as indicated by the results of the foregoing instructions.

## ORDER

The Commissioner's Motion to Remand (ECF No. 14) is GRANTED, and the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED August 15, 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge